IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE WILDERNESS SOCIETY *et al.*, | Case No. 2:05CV00854 TC |
| Plaintiffs, | Judge Tena Campbell |
| v. | Magistrate David O. Nuffer |
| KANE COUNTY, UTAH *et al.*, | **ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD CAUSE OF ACTION** |
| Defendants. | |

Pending before the Court is the Federal Defendants' Motion to Dismiss Plaintiffs' Third Cause of Action, filed pursuant to Fed.R.Civ.P. 12(b)(6). Upon consideration of that motion, the response and reply thereto, and the arguments of counsel presented at the October 16, 2007 hearing, the Court finds that the motion should be granted, as set forth below.

Plaintiffs' Third Cause of Action alleges that the United States Bureau of Land Management ("BLM") and the United States Fish and Wildlife Service ("FWS") are in violation of Section 7 of the Endangered Species Act ("ESA"), 16 U.S.C. § 1536, for failing to reinitiate consultation on the effects that the Grand Staircase-Escalante National Monument Management Plan ("the Plan") may have on the Mexican spotted owl, a species listed as "threatened" under the ESA.[1] Specifically, the complaint alleges a duty to reinitiate is triggered by the following actions taken by Kane County: (1) the adoption of Ordinance No. 2005-03 which authorized off-road vehicle use on county roads, which purportedly include some roads in the Monument that

---

[1] BLM and FWS previously engaged in ESA Section 7 consultation on this Plan before its initial adoption in 1999, and again in 2002, after the designation of "critical habitat" for the owl.

1

are closed under the Plan; (2) the removal of BLM signs from the Monument; and (3) the posting of Kane County signs on roads within the Monument that are closed under the Plan. Plaintiffs allege that by failing to enforce the route closures contained in the Plan and failing to remove Kane County's signs, BLM has allowed a "de facto change in allowable ORV use on the Monument" which may affect the owl or its critical habitat, giving rise to a duty to reinitiate consultation on the Plan. See First Amended Complaint, ¶¶ 104-107.

In the First Amended Complaint, Plaintiffs fail to state a claim that BLM has engaged in affirmative action. The clear language of the ESA, its implementing regulations, and the applicable caselaw require affirmative agency action in order to trigger the requirements of ESA Section 7. See, e.g., Forest Guardians v. Forsgren, 478 F3d 1149 (10th Cir. 2007). Plaintiffs' allegations concerning third party acts cannot trigger a Section 7 duty because Kane County's unilateral actions are not affirmative actions of the federal agency. The Plan is the same as when it was previously consulted upon and remains in effect, despite the actions of Kane County. Accordingly, Plaintiffs' Third Cause of Action fails to state a claim upon which relief can be granted.

For these reasons and for good cause shown, it is hereby ORDERED that Plaintiffs' Third Cause of Action is dismissed with prejudice, with the parties to bear their own fees and costs.

Dated this 22 day of Su , 2007.

*[signature]*
The Honorable Tena Campbell, Chief Judge
United States District Court for the District of Utah