IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE WILDERNESS SOCIETY, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> KANE COUNTY, et al., <br><br> Defendants. | ORDER <br><br> AND <br><br> MEMORANDUM DECISION <br><br><br> Case No. 2:05-CV-854-TC |

On May 16, 2008, the court issued its Order and Memorandum Decision enjoining the Kane County Defendants from certain activities related to closed roads on federal land.  (See Dkt # 202.)  Soon thereafter, Kane County filed an Expedited Motion for Stay of Injunction Pending Appeal.  The court granted a temporary stay until the issues were fully briefed by the parties and the court had time to review the issues.  Now that the motion has been briefed and the court has reviewed the briefs and the May 16, 2008 Order, the court issues this order DENYING the Motion for Stay for the reasons set forth below.

Kane County, in its motion, focuses on injunction language that it claims is too broad.  In the Order, the court enjoined the County as follows:

> Kane County shall not adopt ordinances, post signs, or otherwise purport to manage or open to vehicle use any route or area closed to such use by governing federal land management plan or federal law.  Further, Kane County shall take no other action to invite or encourage vehicle use on any route or area closed to such use by governing federal land management plan or federal law.  Kane County is enjoined from any action described above relating to any route unless and until Kane County proves in a court of law that it possesses a right-of-way to any such

<u>route and establishes the proper scope of such right-of-way in a court of law.</u> (May 16, 2008 Order at 32-33 (emphasis added).)  The County contends that the last sentence of the above-quoted paragraph "effectively enjoins Kane County from exercising its governmental police powers and from the use and benefit of the State of Utah's and Kane County's transportation system roads which are almost entirely based upon congressionally granted R.S. 2477 public highway rights-of-way that have not been adjudicated." (Kane County's Mem. Supp. Mot. for Stay at 4.)

The County misinterprets the court's Order and, in particular, takes the last sentence of the quoted paragraph out of context.  The court said, "Kane County is enjoined from <u>any action described above relating to any route</u> unless and until Kane County proves in a court of law that it possesses a right-of-way <u>to any such route</u> and establishes the proper scope of such right-of-way in a court of law." (May 16, 2008 Order at 33 (emphasis added).)  To the extent the language needs clarifying, the court emphasizes here that it has enjoined any County action that purports to manage or open to vehicle use <u>any route or area closed to such use by governing federal land management plan or federal law</u> absent a court-validated right-of-way.  That is, the court's order only applies to actions that directly conflict with federal closures and federal limitations on modes and methods of transportation on routes within federal land.

Given the County's misinterpretation of the Order, and for the reasons stated by the Plaintiffs in their Opposition to Kane County's Motion for Stay of Injunction Pending Appeal (Dkt # 213), **the County's Motion for Stay of Injunction Pending Appeal (Dkt # 206) is DENIED.**  Accordingly, the May 16, 2008 Order is now in effect and the County must abide by the ruling, including its **obligation to remove the signs identified in the Order.  That**

**obligation must be fulfilled no later than June 23, 2008.**

SO ORDERED this 13th day of June, 2008.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge